WARREN LOUD *vs.* MARCUS LANE & another.

A. mortgaged land to B., and afterwards leased a part of it to C. for five years, and sub-
sequently conveyed the whole to D., stating, in his deed to D., that the premises were
subject to the mortgage to B., and that part of them were under a lease to C. for five
years, and that the rent had been already paid by C.: B. afterwards assigned his mort
gage to D., who brought a writ of entry against C., before C.'s lease had expired.
*Held,* that the mortgage was not extinguished by the assignment to D., and that his
action was well brought; but that C. was entitled to redeem the mortgage, and there
fore that D. was entitled only to a conditional judgment, conformably to the Rev. St*
c. 107, §§ 3, 5.

WRIT OF ENTRY to recover possession of a wharf, &c. in Wey
mouth. The demandant claimed under a mortgage of the de
manded premises, made by George Blanchard to the Hingham
Institution for Savings, on the 23d of September 1837, to secure
payment of a promissory note, of the same date, for $2000,
and assigned by said institution to the demandant, on the 27th
of August 1841.

At the trial in the court of common pleas, before *Merrick,* J.
the demandant produced and proved said mortgage and assign
ment. The tenants then proved a lease of a part of the mort
gaged premises, for the term of five years from the 6th of May
1839, made to them by said Blanchard, wherein they agreed to
pay him $115·50 per year, as rent, and to lend him $500 on his
promissory note, and to take payment of said note by annually
indorsing said rent thereon. The tenants also gave in evidence
a deed of the demanded premises, made by said Blanchard to
the demandant on the 12th of June 1839, for the consideration
of $2000, in which were these words: "Said premises being
now subject to a mortgage of $2000 to the Hingham Institution
for Savings, and the store occupied by Marcus & Peter Lane
being under a lease to them of five years, and $500 having
been already paid to said Blanchard on the lease." The tenants
also gave in evidence a bond, given by the demandant to said
Blanchard, of even date with said deed, conditioned for the re-
conveyance of said premises to said Blanchard, on his paying
$2000, in three years, with interest yearly. It also appeared
in evidence that, at the time of the execution of said deed and
bond, neither of the parties thereto understood that they created

a mortgage ; but that both parties considered the transaction as a *bonâ fide* and unconditional sale of the premises for their full value. It also further appeared in evidence that, previously to the aforesaid assignment to the demandant by the Hingham In stitution for Savings, one of the tenants went to the office of said institution, and declared that he came prepared to take an assignment of said mortgage ; that he offered to pay what was due thereon, and asked for an assignment thereof to him and the other tenant ; and that the officers of said institution refused to take the money of the tenants and make such assignment to them.

The judge ruled, that the aforesaid assignment, by the said institution, of their mortgage, to the demandant, operated as a release and extinguishment thereof, and that the demandant could not maintain his action. Whereupon the jury returned a verdict for the tenants, and the demandant alleged exceptions to said ruling.

*White,* for the demandant.

*Kingsbury,* for the tenants.

WILDE, J. This is a writ of entry to recover possession of premises which the demandant claims under a mortgage from George Blanchard to the Hingham Institution for Savings, and by said corporation assigned to the demandant. The question is, whether, upon the facts reported, the mortgage was extinguished by the said assignment. And we are all of opinion that it was not.

When the demandant took the assignment, he held the same premises by virtue of a subsequent mortgage to him from the said Blanchard ; and he had the right to pay off the previous mortgage and to extinguish the same, or to take an assignment of it, and to keep up the incumbrance, for his own benefit, and to protect himself against intervening incumbrances. This right of election is well established by the authorities cited by the demandant's counsel. *Gibson* v. *Crehore,* 3 Pick. 482. *Barker* v. *Parker,* 4 Pick. 505. *James* v. *Morey,* 2 Cow. 246, and 6 Johns. Ch. 417. *Gardner* v. *Astor,* 3 Johns. Ch. 55.

The general rule is, that where the legal title by the mortgage becomes united with the equitable title, so that the owner has the whole title, the mortgage is merged and extinguished by

the unity of possession. But if the owner of the legal and equitable titles has an interest in keeping those titles distinct, he has a right so to keep them, and the mortgage will not be extinguished. This principle is decisive in favor of the demandant in the present case.

The case of *Wade* v. *Howard*, 6 Pick. 492, cited by the tenants' counsel, is not within the principles now laid down ; for in that case the mortgage was not assigned, but was released and discharged. And it is very clear that a release of a mortgage will operate as an extinguishment of the mortgagee's title. So a release of an equity of redemption does not operate by way of merger of the estate conveyed by the mortgage, but as an extinguishment of the equity of redemption. *Dexter* v. *Harris*, 2 Mason, 531.

We are therefore of opinion, upon the facts reported, that this action may be well maintained ; the demandant having the legal title. But he will not be entitled to an unconditional judgment for possession. The tenants have a right, by virtue of their lease, to redeem the prior mortgage; (*Bacon* v. *Bowdoin*, 22 Pick. 401, and 2 Met. 591 ;) and they will be entitled to have a conditional judgment entered, in conformity to the Rev. Sts. *c.* 107, §§ 3, 5.

*New trial granted.*